IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTOPHER R. LEONARD                                              PLAINTIFF

v.                              CIVIL NO. 23-3006

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Christopher R. Leonard, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on July 8, 2019, alleging an inability to work since October 10, 2018, due to bipolar disorder, general anxiety disorder, lumbar degenerative disc disease, lumbar spondylosis, and chronic back pain. (Tr. 84). An administrative video hearing was held on October 19, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 37-82).

By written decision dated February 1, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease/spondylosis of the lumbar spine status post-surgery, dorsalgia, obesity, chronic pain

syndrome, obstructive sleep apnea, hypertension, bipolar disorder, and generalized anxiety disorder. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb, balance, stoop, kneel, crouch, and crawl; he must avoid concentrated exposure to extreme heat; and he must avoid concentrated exposure to hazards (i.e., no working at unprotected heights, no working around dangerous moving unprotected machinery, and no driving as part of work). In addition, he is able to perform work where there is occasional incidental interpersonal contact with coworkers and supervisors; where there is no contact with the public; where tasks are simple, routine, and repetitive; where the complexity of tasks is learned and performed by rote, with tasks involving few variables and requiring little use of judgment; and where the supervision required is simple, direct, and concrete.

(Tr. 16-17). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a merchandise marker, a routing clerk, a collator operator, a cutter paster, a pneumatic tube operator and an addresser. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on November 23, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ erred in his credibility determination; and 2) The ALJ's decision denying benefits is unsupported by substantial evidence. (ECF No. 9). Defendant argues the ALJ properly considered all of the evidence and the decision was supported by substantial evidence. (ECF No. 11).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations for the relevant time period, the ALJ considered the medical assessments of treating medical providers and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and

Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 29th day of November 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE